**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 10-20235

    HONORABLE DENISE PAGE HOOD

LARRY DOUGLAS RODGERS (D-6),

    Defendant.

_____/

**ORDER DENYING MOTION TO SEVER AND TO PRESERVE SEVERANCE ISSUE**

**I.    BACKGROUND**

Defendant Larry Douglas Rodgers, along with eleven other defendants, is charged in a 19-count First Superceding Indictment of four counts: Conspiracy to Distribute and to Possess with Intent to Distribute More than Five Kilograms of a Controlled Substance-Cocaine, 21 U.S.C. §§ 846, 841(a)(1) (Count 1); Unlawful Use of a Communication Facility, 21 U.S.C. § 843(b) (Count 9); Maintaining a Drug-Involved Premises, 21 U.S.C. § 856(a)(1) (Count 12); and, Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1) (Count 13). L. Rodgers filed a Motion to Sever the conspiracy count against him set forth in Count 1 of the First Superceding Indictment. Co-Defendant Alexis Rodgers filed a Notice of Joinder/Concurrence in the Motion to Sever. The Government filed responses to the motion and a hearing was held on the matter.

**II.    ANALYSIS**

L. Rodgers claims he only has a tangential participation in the conspiracy, if any. L. Rodgers admits to residing at the Elmdale property, which is owned by his son, co-defendant A. Rodgers and his son's mother, Annette Rodgers. L. Rodgers claim he was merely present at the home at the time

a search warrant was executed. L. Rodgers further claims he only made five telephone calls to his son while at the Elmdale home and that he had no knowledge of the firearm found at the home. L Rodgers argues that the jury would hear extensive evidence of criminal wrongdoing against his co-defendants, which would create a "spill over prejudice" as to L. Rodgers. Also, the fact that L. Rodgers' son is charged in the conspiracy, a joint trial would create a very difficult circumstance for the jury and that confusion would be patent as it relates to the charges amongst the direct family members.

The Government responds that L. Rodgers makes bald assertions in his motion which are not supported by the facts. The Government argues that Rule 8(b) of the Rules of Criminal Procedure provides for joinder of defendants in a criminal case if they are alleged to have participated in the same act or transactions or in the same series of acts or transactions which constitute an offense or offenses. Fed. R. Crim. P. 8(b). Rule 14(a) provides severance if joinder appears to prejudice a defendant or the government.

Fed.R.Crim.P. 14(a) provides, "if the joinder of offenses or defendants in an indictment, ..., appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." There is a preference in the federal system for joint trials of defendants who are indicted together because it promotes efficiency and serve the interests of justice by avoiding inconsistent verdicts. *Zafiro v. United States,* 506 U.S. 534, 537 (1993). The rules are liberally construed in favor of joinder and it is presumed that the jury is capable of sorting out evidence and considering the case of each defendant separately. *United States v. Harris,* 9 F.3d 493, 501 (6th Cir. 1993); *United States v. Darden,* 70 F.3d 1507, 1526 (8th Cir. 1995). The party seeking severance "has a heavy burden of showing

specific and compelling prejudice." *Harris,* 9 F.3d at 500.  Defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials. *Zafiro,* 506 U.S. at 540.

L. Rodgers is charged with conspiracy.  Rules 8(b) and 14(a) are liberally construed in favor of joinder.  The only confusion asserted by L. Rodgers is that his son is also charged with the conspiracy.  L. Rodgers provides no support that joining family defenders for trial results in confusion by the jury.  It is presumed that the jury is capable of sorting out evidence and to consider the case of each defendant separately.  As to L. Rodgers' argument that he was merely present at the home and did not have knowledge of the conspiracy or the arms found at the home, these are questions of fact for the jury to determine and not a basis for severance.  L. Rodgers' motion does not overcome his heavy burden of showing specific compelling prejudice in being tried together with his son and the other co-defendants in this case.

### III.    CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant Larry Rodgers' Motion to Sever/Motion to Preserve Severance Issue **(No. 155, filed March 29, 2011)** is DENIED.

                                    s/Denise Page Hood
                                    Denise Page Hood
                                    United States District Judge

Dated:  June 23, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 23, 2011, by electronic and/or ordinary mail.

                                    s/LaShawn R. Saulsberry
                                    Case Manager